

**IN THE COURT OF CRIMINAL APPEALS**
**OF TEXAS**

**NOS. WR-60,937-06 and WR-60,937-07**

**EX PARTE U. S. CARNELL PETETAN JR., Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS**
**IN CAUSE NO. 2012-2331-C1A IN THE 19ᵀᴴ JUDICIAL DISTRICT COURT**
**McLENNAN COUNTY**

*Per curiam.* **YEARY, J., filed an opinion dissenting in part and concurring in part**.

## O R D E R

In April 2014, a jury found Applicant guilty of the offense of capital murder and

the trial court sentenced him to death. *See* TEX. PENAL CODE § 19.03(a); TEX. CODE

CRIM. PROC. art. 37.071.[1]  On June 6, 2016, the State filed in this Court its brief on

Applicant's direct appeal.  Pursuant to Article 11.071 §§ 4(a) and (b), Applicant's initial

---

[1]  Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

application for a writ of habeas corpus was due to be filed in the trial court on or before October 19, 2016, assuming a motion for extension was timely filed and granted. *See* Art. 11.071 §§ 4(a) and (b).

On January 13, 2021, because it had been more than four years since the application was due in the trial court, we ordered the trial court to resolve any remaining issues in the case within 60 days from the date of the order. We also ordered the clerk to thereafter immediately transmit the complete writ record to this Court. This made the case due in this Court on or before March 15, 2021.

Citing to the fact that he had just assumed the bench, the trial judge requested an extension of 90 days. We granted the judge's request, making the case due in this Court on or before June 14, 2021. That judge subsequently recused himself and the newly retired judge, who had been the trial judge in this case, was appointed to hear the application.

On May 15, 2021, this Court reversed Applicant's death sentence on direct appeal and remanded the case for a new punishment trial. *See Petetan v. State*, ___ S.W.3d ___, No. AP-77,038 (Tex. Crim. App. del. May 12, 2021) (op. on reh'g).[2] Shortly thereafter, recognizing that there remained some guilt issues to resolve, the newly appointed judge requested an extension in the case of 120 days or to October 12, 2021, to resolve those

---

[2] We recognize that this renders moot any claims raised on habeas affecting the punishment phase of trial. However, the trial judge acknowledged that there are still guilt phase claims that must be resolved.

issues. We granted the motion.

In a new request for an extension, the trial judge notes that counsel has expressed concerns that the reversal of Applicant's death sentence deprives the trial court of the authority to proceed. The trial judge also notes that Applicant informed him that a similarly situated case is currently pending before the Court of Criminal Appeals. *See Ex parte Brownlow*, No. WR-85,286-01.[3] Under the circumstances, the trial judge now asks for an extension of time to January 15, 2022, to allow this Court to rule in the *Brownlow* case and to allow the trial court to finalize the writ record in Applicant's case and return it to this Court. We will grant an extension to December 31, 2021. The case is due back in this Court on or before that date.

Any further extensions of time shall be requested by the trial judge, or on the judge's behalf, and obtained from this Court. Any such request shall also be accompanied by a detailed statement showing what efforts have been undertaken to resolve the issues raised and good cause for why an additional extension is warranted.

It has also come to our attention that Applicant has filed a document titled an "Amended 11.07 Application." According to Applicant, this document is intended to add additional claims to the writ application already pending in the trial court, which, Applicant asserts, the trial court has "converted" to an Article 11.07 writ application.

The habeas application currently pending in the trial court was properly filed

---

[3] This Court resolved the *Brownlow* case contrary to Applicant's position. *See Ex parte Brownlow*, ___ S.W.3d ___, No. WR-85,286-01 (Tex. Crim. App. Sept. 15, 2021).

pursuant to Article 11.071. Our reversal of Applicant's death sentence on direct appeal does not change its characterization. And per the language of Article 11.071, Applicant's attempted amendment is far too late. Additionally, because Applicant is no longer under a sentence of death, the new filing is not properly considered as a subsequent Article 11.071 writ application.

Finally, the new document does not qualify as an Article 11.07 writ application. Article 11.07 can only be used to attack final felony convictions. *See* Art. 11.07 § 3. Because Applicant is still awaiting final sentencing (and possibly an appeal of that sentencing), his conviction is not final, and Article 11.07 does not apply. Thus, we conclude that the document is not properly filed, and we dismiss it without reviewing the merits of the claims raised.

IT IS SO ORDERED THIS THE 20th DAY OF OCTOBER, 2021.

Do Not Publish